IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GULF SHORES WEST BEACH INVESTMENTS, LLC; TERRY L. ELKINS and JANICE M. ELKINS, as Trustees of the TERRY L. ELKINS AND JANICE M. ELKINS IRREVOCABLE GRANDCHILDREN'S TRUST; TERRY L. ELKINS; JANICE M. ELKINS, SUSAN ELKINS GOLDSWORTHY; and RICHARD GOLDSWORTHY; | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | |
| vs. | ) | CASE NO. 10-cv-213 |
| TRANSOCEAN HOLDINGS, INC.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN DEEPWATER, INC.; BP, PLC; BP EXPLORATION AND PRODUCTION, INC.; BP AMERICA, INC.; BP PRODUCTS NORTH AMERICA, INC.; HALLIBURTON ENERGY SERVICES, INC.; and CAMERON INTERNATIONAL CORPORATION, f/k/a Cooper-Cameron Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | PLAINTIFFS DEMAND TRIAL BY JURY |
| Defendants. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiffs Gulf Shores West Beach Investments, LLC; Terry L. Elkins and Janice

M. Elkins, as Trustees of the Terry L. Elkins and Janice M. Elkins Irrevocable

Grandchildren's Trust; Terry L. Elkins; Janice M. Elkins; Susan Elkins Goldsworthy; and

-1-

Richard Goldsworthy, individually and as representatives of the class defined herein (the "Class"), bring this action against Defendants Transocean Holdings, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., BP, PLC, BP Exploration and Production, Inc., BP America, Inc., BP Products North America, Inc., Halliburton Energy Services, Inc., and Cameron International Corporation, f/k/a Cooper-Cameron Corporation, as follows:

### I.   INTRODUCTION

1. This is a class action, brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, to recover damages suffered by Plaintiffs and the Class Members as a result of the oil spill that resulted from the explosion and fire aboard, and subsequent sinking of, the oil rig Deepwater Horizon (hereinafter "Deepwater Horizon" or "Oil Rig") on April 20, 2010, at or about 10:00 p.m. on the outer Continental Shelf.  Following the sinking of the Oil Rig, approximately 5,000 barrels per day of crude oil have been leaking from the oil well upon which the Deepwater Horizon was performing completion operations, and from the pipe connected to it (drill stack).  The fast-moving oil slick, which has grown to 100 miles long by 45 miles wide, is headed toward the Alabama and Florida coast and has already caused detrimental effects upon the Gulf of Mexico's marine and coastal environments.

2. Plaintiffs, on behalf of themselves and all others similarly situated, bring this action for damages against Defendants.

## II.   JURISDICTION AND VENUE

3.   This Court has jurisdiction over this class action pursuant to both (a) 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and it is a class action brought by citizens of a State that is different from the State where at least one of the Defendants is incorporated or does business and (b) 28 U.S.C. § 1332(a) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.   Venue of this action in this district is proper under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and Defendants reside in this district.

## III.   PARTIES

5.   Plaintiff Gulf Shores West Beach Investments, LLC, is an Indiana limited liability company composed of Indiana citizens doing business in the State of Alabama. Plaintiff derives substantial income as the owner and manager of real estate and real estate rentals on the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, it has suffered damages that are more fully described below.

6.   Plaintiffs Terry L. Elkins and Janice M. Elkins, as Trustees of the Terry L. Elkins and Janice M. Elkins Irrevocable Grandchildren's Trust, is an Indiana Trust doing

business in the State of Alabama.  The Trust derives substantial income as the owner and manager of real estate and real estate rentals on the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, it has suffered damages that are more fully described below.

      7.      Plaintiff Terry L. Elkins is an individual of the age of majority and is a resident of the State of Indiana.  Plaintiff derives substantial income as the owner and manager of real estate and real estate rentals on the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

      8.      Plaintiff Janice M. Elkins is an individual of the age of majority and is a resident of the State of Indiana.  Plaintiff derives substantial income as the owner and manager of real estate and real estate rentals on the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

      9.      Plaintiff Susan Elkins Goldsworthy is an individual of the age of majority and is a resident of the State of Indiana.   Plaintiff derives substantial income as the owner and manager of real estate and real estate rentals on the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

10. Plaintiff Richard Goldsworthy is an individual of the age of majority and is a resident of the State of Indiana.  Plaintiff derives substantial income as the owner and manager of real estate and real estate rentals on the Gulf of Mexico in the State of Alabama and, as a result of the events described above and below, has suffered damages that are more fully described below.

11. Defendant Transocean Holdings, Inc. ("Transocean Holdings") is a foreign corporation doing business in the State of Alabama.  Transocean Holdings, Inc. is a financially responsible party for the conduct of the Transocean entities named herein.

12. Defendant Transocean Offshore Deepwater Drilling, Inc. ("Transocean Offshore") is a foreign corporation doing business in the State of Alabama.

13. Defendant Transocean Deepwater, Inc. ("Transocean Deepwater") is a foreign corporation doing business in the State of Alabama.

14. Defendant BP, PLC ("BP") is a foreign corporation doing business in the State of Alabama.

15. Defendant BP Exploration and Production, Inc. ("BP Exploration") is a foreign corporation doing business in the State of Alabama.

16. Defendant BP America, Inc. ("BP America") is a foreign corporation doing business in the State of Alabama.

17. Defendant BP Products North America, Inc. ("BP Products") is a foreign corporation doing business in the State of Alabama.

18. Defendant Halliburton Energy Services, Inc. ("Halliburton") is a foreign corporation doing business in the State of Alabama.

19. Defendant Cameron International Corporation, f/k/a Cooper-Cameron Corporation, ("Cameron) is a foreign corporation doing business in the State of Alabama.

## IV.   FACTUAL ALLEGATIONS

20. Transocean Holdings, Transocean Offshore, and Transocean Deepwater (collectively "Transocean") are the owners and/or operators of the Deepwater Horizon, a semi-submersible mobile drilling rig, which was performing completion operations for BP, BP Exploration, BP America, and BP Products on the outer Continental Shelf, at the site from which the oil spill now originates.

21. BP, BP Exploration, BP America, and BP Products (collectively "BP") are the holders of a lease granted by the Minerals Management Service that allows BP to drill for oil and perform oil production-related operations at the site of the oil spill, and on April 20, 2010 operated the oil well that is the source of the oil spill.

22. Upon information and belief, Cameron manufactured and/or supplied the Deepwater Horizon's blow-out preventers ("BOP's") that failed to operate upon the explosion, which should have prevented the oil spill. The BOP's were defective because they failed to operate as intended.

23. Halliburton was engaged in cementing operations of the well and well cap and, upon information and belief, improperly and negligently performed these duties, increasing the pressure at the well and contributing to the fire, explosion and resulting oil spill.

24. At all times material hereto, the Deepwater Horizon was owned, manned, possessed, managed, controlled, chartered and/or operated by Transocean and/or BP.

25. Transocean, or its predecessors, is the designer of the Deepwater Horizon.

26. The fire and explosion on the Deepwater Horizon, its sinking and the resulting oil spill were caused by the combined and concurring negligence of Defendants, which renders them liable, jointly and severally, to Plaintiffs and the Class Members for all their damages.

27. Defendants knew of the dangers associated with deep water drilling and failed to take appropriate measures to prevent damage to Plaintiffs, the Class Members, Alabama's and the Gulf of Mexico's marine and coastal environments, where Plaintiffs and the Class Members work and earn a living.

28. The spilled oil has caused, and will continue in the future to cause, a dangerous environmental contamination of the Gulf of Mexico and its shorelines, threatening Alabama's beaches, and associated recreational areas.

29. The oil spill and the contamination have caused and will continue to cause loss of revenue to persons and businesses who are being prevented from using the Gulf of

Mexico and Alabama's adjoining beaches for diverse activities, including work and to earn a living.

30. There are many other potential effects from the oil spill that have not yet become known, and Plaintiffs reserve the right to amend this Complaint once additional information becomes available.

## V. CLASS ALLEGATIONS

31. Plaintiffs bring this action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of themselves and all others similarly situated, who are members of the following Class:

> All real estate owners, rental managers and rental agents who derive income and profits from the rental of properties situated on coastal environments in the State of Alabama, and who have sustained any loss and/or damages as a result of the April 20, 2010 fire and explosion which occurred aboard the Deepwater Horizon drilling rig and the oil spill resulting therefrom.

32. Excluded from the Class are the officers and directors of any of the Defendants; any judge or judicial officer assigned to this matter and his or her immediate family; and any legal representative, successor, or assign of any excluded person or entities.

33. The proposed Class is so numerous that joinder is impractical. Although the precise number of Class Members is not yet known, Plaintiffs aver that the Class Members number in the thousands.

34. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. The principal issue is whether Defendants negligently and/or wantonly caused the explosion of the Deepwater Horizon and resulting oil spill which has damaged Plaintiffs and the Class.

35. Plaintiffs' claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

36. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs are committed to vigorously litigating this matter. Further, Plaintiffs have secured counsel experienced in handling class actions and complex litigation involving oil and gas matters. Neither Plaintiffs nor their counsel have any interests which would prevent them from vigorously pursuing these claims.

37. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members that would, as a practical matter, be

dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

38.  A class action is a superior method for the fair and efficient adjudication of this controversy.  The interest of the Class Members in individually controlling the prosecution of separate claims against Defendants is small.  Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims.

39.  The various claims asserted in the action are certifiable under the provisions of 23(b)(3) of the Federal Rules of Civil Procedure because the questions of law or fact common to the Members of the Class predominate over any questions affecting only individual Members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## FIRST CAUSE OF ACTION

### (Negligence)

40.  Plaintiffs, on behalf of themselves and the Class Members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

41.  The fire, explosion, and resulting oil spill were caused by the concurrent negligence of Defendants.

42. Upon information and belief, Plaintiffs aver that the fire, explosion, and resulting oil spill were caused by the joint negligence and fault of Defendants in the following non-exclusive particulars:

    a. Failing to properly operate the Deepwater Horizon;

    b. Operating the Deepwater Horizon in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in an oil spill;

    c. Failing to properly inspect the Deepwater Horizon to assure that its equipment and personnel were fit for their intended purpose;

    d. Acting in a careless and negligent manner without due regard for the safety of others;

    e. Failing to promulgate, implement, and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had been so promulgated, implemented, and enforced, would have averted the fire, explosion, sinking, and oil spill;

    f. Operating the Deepwater Horizon with untrained and/or unlicensed personnel;

    g. Failing to take appropriate action to avoid or mitigate the accident;

    h. Negligent implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

    i.      Failing to ascertain that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

    j.      Failure to timely bring the oil release under control;

    k.      Failure to provide appropriate accident prevention equipment;

    l.      Failure to react to danger signs;

    m.      Providing BOP's that did not work properly;

    n.      Conducting well and well cap cementing operations improperly;

    o.      Failure to properly design the Deepwater Horizon;

    p.      Failure to install and/or deploy an acoustic switch to stop the flow of oil in the event of a failure; and

    q.      Such other acts of negligence and omissions as will be shown at the trial of this matter.

43. The injuries to Plaintiffs and the Class Members were also caused or aggravated by the fact that Defendants negligently failed to take necessary actions to mitigate the danger associated with their operations.

44. Plaintiffs have been damaged by their inability to rent properties owned and/or managed by them on or near the Gulf of Mexico as a direct result of the oil spill and the fear of the public of the deleterious effects of the spill.

45. Plaintiffs and the Class Members are entitled to a judgment finding Defendants liable to Plaintiffs and the Class Members for damages suffered as a result of

Defendants' negligence and awarding Plaintiffs and the Class Members adequate compensation therefor in amounts determined by the trier of fact.

## SECOND CAUSE OF ACTION

### (Wantonness)

46. Plaintiffs, on behalf of themselves and the Class Members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

47. The fire, explosion, and resulting oil spill were caused by the concurrent wantonness of Defendants.

48. Upon information and belief, Plaintiffs aver that the fire, explosion, and resulting oil spill were caused by the joint wantonness and fault of Defendants in the following non-exclusive particulars:

    a. Failing to properly operate the Deepwater Horizon;

    b. Operating the Deepwater Horizon in such a manner that a fire and explosion occurred onboard, causing it to sink and resulting in an oil spill;

    c. Failing to properly inspect the Deepwater Horizon to assure that its equipment and personnel were fit for their intended purpose;

    d. Acting in a wanton manner without due regard for the safety of others;

e. Failing to promulgate, implement, and enforce rules and regulations pertaining to the safe operations of the Deepwater Horizon which, if they had been so promulgated, implemented, and enforced, would have averted the fire, explosion, sinking, and oil spill;

f. Operating the Deepwater Horizon with untrained and/or unlicensed personnel;

g. Failing to take appropriate action to avoid or mitigate the accident;

h. Wanton implementation of policies and procedures to safely conduct offshore operations in the Gulf of Mexico;

i. Failing to ascertain that the Deepwater Horizon and its equipment were free from defects and/or in proper working order;

j. Failure to timely bring the oil release under control;

k. Failure to provide appropriate accident prevention equipment;

l. Failure to react to danger signs;

m. Providing BOP's that did not work properly;

n. Conducting well and well cap cementing operations improperly;

o. Failure to properly design the Deepwater Horizon;

p. Failure to install and/or deploy an acoustic switch to stop the flow of oil in the event of a failure;

      q.      Such other acts of wantonness and omissions as will be shown at the trial of this matter; and

      r.      Acting in a manner that justifies imposition of punitive damages.

49. The injuries to Plaintiffs and the Class Members were also caused or aggravated by the fact that Defendants wantonly failed to take necessary actions to mitigate the danger associated with their operations.

50. Plaintiffs have been damaged by their inability to rent properties owned and/or managed by them on or near the Gulf of Mexico as a direct result of the oil spill and the fear of the public of the deleterious effects of the spill.

51. Plaintiffs and the Class Members are entitled to a judgment finding Defendants liable to Plaintiffs and the Class Members for damages suffered as a result of Defendants' wantonness and awarding Plaintiffs and the Class Members adequate compensation and punitive damages therefor in amounts determined by the trier of fact.

### THIRD CAUSE OF ACTION

### (Nuisance)

52. Plaintiffs, on behalf of themselves and the Class Members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

53. The actions of Defendants, as described above, resulted in an invasion by a substance -- oil and other pollutants -- that interfered and continues to interfere with the

Plaintiffs' and Class Members' rights to enjoy their property and caused hurt, inconvenience, and/or damage to the Plaintiffs and Class Members.

54. The nuisance created by Defendants caused special damages to Plaintiffs in which the public does not participate.

55. The above described injuries and damages to the Plaintiffs and the Class Members were proximately caused by said nuisance.

56. Plaintiffs and the Class Members are entitled to a judgment finding Defendants liable to Plaintiffs and the Class Members for damages suffered as a result of Defendants' nuisance and awarding Plaintiffs and the Class Members adequate compensation therefor in amounts determined by the trier of fact.

## FOURTH CAUSE OF ACTION

### (Strict Liability)

57. Plaintiffs, on behalf of themselves and the Class Members, incorporate and reallege each and every allegation set forth above and incorporate the same herein by reference.

58. The actions and activities of Defendants, as described above, including, but not limited to, drilling and transporting oil and other pollutants in the Gulf of Mexico, constitutes an abnormally dangerous and/or ultrahazardous activity that carries with it a high degree of risk of harm to individuals, land or chattels of others.

59. The injuries and damages suffered by Plaintiffs were the kind of harm, the possibility of which makes the Defendants' activities abnormally dangerous and/or ultrahazardous.

60. The above described injuries and damages to the Plaintiffs and the Class Members were proximately caused by said abnormally dangerous and/or ultrahazardous activity.

61. Plaintiffs and the Class Members are entitled to a judgment finding Defendants liable to Plaintiffs and the Class Members for damages suffered as a result of Defendants' abnormally dangerous and/or ultrahazardous activity and awarding Plaintiffs and the Class Members adequate compensation therefor in amounts determined by the trier of fact.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and the Class Members demand judgment against Defendant, jointly and severally, as follows:

 a. An order certifying the Class, appointing Plaintiffs as Class Representatives; and appointing undersigned counsel as counsel for the Class;

 b. Economic and compensatory damages in amounts to be determined at trial;

 c. Punitive damages;

d.	Pre-judgment and post-judgment interest at the maximum rate allowable by law;

e.	Such other and further relief available and any relief the Court deems just and appropriate.

									Respectfully submitted,

									 /s/George R. Irvine, III
									GEORGE R. IRVINE, III (IRVIG4725)
									SHAWN T. ALVES (ALVES5344)
									Attorneys for Plaintiffs

OF COUNSEL:

STONE, GRANADE & CROSBY, P.C.
Attorneys at Law
7133 Stone Drive
Daphne, Alabama  36526
Telephone:	(251)  626-6696
Facsimile:	(251)  626-2617
E-Mail:		gri@sgclaw.com
E-Mail:		sta@sgclaw.com